OPINION
This is an appeal from the judgment of the Hancock County Common Pleas Court, Juvenile Division granting permanent custody of the minor Sierra Lim to the Hancock County Children's Protective Services Unit.
Sierra Lim was born on December 3rd, 1999 to Appellant Pam Lim and Chris Lim. Pam and Chris are legally married but have been separated since before Sierra was born. Chris Lim is not a party to this action.
Appellant Pam Lim has an extensive history with the Appellee, Hancock County Department of Human Services-Child Protective Services Unit, hereinafter CPSU. Pam's first child, Dylan Marvin, was permanently removed from her custody on July 18, 1996. Pam's second child, Chakotay Lim, her first with husband Chris, was born in 1995. CPSU has been working with Appellant and Chris Lim concerning the care of Chakotay since early 1999.
Based on Appellant's history, CPSU filed a dependency complaint and a motion for emergency protective supervision with respect to Sierra. On June 1, 2000 the motion for supervision was granted and Sierra was declared a dependent child as defined by R.C. 2151.04 (B)(D).
On July 11, 2000 a CPSU social worker, during a routine visit, found Sierra in her crib covered in her own waste and surrounded by bottles of spoiled milk. That same day the trial court issued an ex parte order granting temporary custody of Sierra to CPSU who cited Appellant's demonstrated failure to provide a stable home for Sierra, her failure to attend parent education, and the fact that she often lived with unsafe individuals as further basis for Sierra's removal.
Once Sierra was placed into the temporary custody of CPSU, a case plan was initiated outlining six objectives that, if completed, would lead to the ultimate goal of family reunification. In an attempt to place Sierra with a relative, CPSU contacted three of the child's relatives including Appellant's sister, Paula Marvin, who informed the agency that she would not take Sierra. Sierra was then placed with a foster family where she remains today.
On January 29, 2001 CPSU filed for permanent custody of Sierra. According to the motion, Appellant continually failed to secure stable housing despite assistance from CPSU. Appellant missed up to 40% of her designated visitation sessions with Sierra. In addition, she failed to follow through with her mental health counseling and the Early Start Education services offered to her. CPSU also stated that Chris Lim had completely abandoned Sierra.
On March 1, 2001 Appellant responded to CPSU's motion for permanent custody with a motion to compel examination of relative placement. According to Appellant's motion, Paula Marvin, was now willing to take custody of Sierra. At no time did Paula Marvin, herself, contact CPSU to let them know that she had changed her mind nor did she make any attempts to visit her niece in the year she had been in foster care.
On April 2-3rd, 2001 the trial court heard testimony as to Appellee's motion for permanent custody and Appellant's motion for relative placement. In a April 13th Judgment Entry the trial court found by clear and convincing evidence that Sierra could not be placed with either of her parents within a reasonable time. Furthermore, the court found that placement with Paula Marvin would not be suitable. The court cited Paula's lack of desire prior to CPSU's motion for permanent custody, her extended hours of work and lack of childcare for Sierra. Finally, the trial court questioned Paula's motives for seeking custody of Sierra. The court, therefore granted Appellee's motion for permanent custody and denied Appellants motion for examination of relative placement. It is from this judgment that Appellant now appeals.
The Appellant asserts the following assignment of error:
 The trial court erred when it granted the motion for permanent custody to Hancock County Job and Family Services: Children's Protective Services Unit.
In her sole assignment of error, Appellant asserts that the trial court erred when it failed to first consider placing Sierra with Paula Marvin prior to awarding permanent custody to CPSU. The Appellant presents two issues for this court to review:
 Whether the agency failed to show due diligence when it neglected to consider relative placement.
 Whether the trial court erred in denying Appellant's motion to compel examination of relative placement.
For clarity, we will consider these issues together.
Appellant asserts that the Appellee CPSU failed to consider Paula Marvin as a custodian for Sierra. This contention is not well taken as the record very clearly shows that CPSU did, in fact, consider Paula Marvin as a custodian for Sierra. Upon Sierra's initial removal from Appellant's home, CPSU contacted Paula Marvin and she refused custody. CPSU did not hear from Paula Marvin again until after it filed its motion for permanent custody with the trial court. CPSU fulfilled any duty it had to place Sierra with a relative when it sent out letters to all known relatives.
Appellant further argues that the trial court erred when it failed to order an investigation into the suitability of Paula Marvin prior to awarding permanent custody to CPSU. In support of this argument, Appellant, through counsel, offers no law, statutory or otherwise, that would indicate the trial court committed reversible error. Rule 16(A) of Ohio Appellate Procedure states that an Appellant's brief will include "reasons in support of the contentions, with citations to the authorities, statues and parts of the record which it relies." As a consequence of counsel's failure to follow a basic rule of advocacy, support an argument with law, this court is not obligated to address the merits of Appellant's argument.
Nevertheless, because the interests of a child are at bar, we will address Appellant's naked proposition that the trial court, by not ordering an investigation of Paula Marvin, failed its duty to consider the best interests of the child.
Termination of parental rights is an alternative of last resort; however, it is sanctioned when necessary for the welfare of a child. Inre Wise (1994), 96 Ohio App.3d 619, 624. According to R.C.2151.414(B)(1), before a juvenile court can terminate parental rights and award permanent custody of a child who is neither abandoned nor orphaned to a proper moving agency, it must find by clear and convincing evidence that (1) the grant of permanent custody to the agency is in the best interest of the child, and (2) the child cannot be placed with either parent within a reasonable time or should not be placed with either parent. See In re William S. (1996), 75 Ohio St.3d 95, 99. In addition, R.C. 2151.414(D) states:
 In determining the best interest of a child at a hearing * * * the court shall consider all relevant factors, including, but not limited to, the following:
 (1) The interaction and interrelationship of the child with the child's parents, siblings, relatives, foster caregivers and out-of-home providers, and any other person who may significantly affect the child;
 (2) The wishes of the child, as expressed directly by the child or through the child's guardian ad litem, with due regard for the maturity of the child;
 (3) The custodial history of the child, including whether the child has been in the temporary custody of one or more public children services agencies or private child placing agencies for twelve or more months of a consecutive twenty-two month period ending on or after March 18, 1999;
 (4) The child's need for a legally secure permanent placement and whether that type of placement can be achieved without a grant of permanent custody to the agency;
 (5) Whether any of the factors in divisions (E)(7) to (11) of this section apply in relation to the parents and child.
The record reflects proper consideration by the trial court of the best interests of Sierra. The trial court determined, based on a multitude of factors, that Sierra could not be placed with either of her parents within a reasonable time. The court then considered placement with Paula Marvin, Appellant's sister. The court heard Paula Marvin's testimony regarding her extended hours of work, her lack of childcare options, and her complete lack of personal contact with Sierra for nearly a year. The trial court made a decision based on the best interest of the child, thereby satisfying its legal obligation. The fact that the trial court did not order an investigation into Paula Marvin's home in this circumstance is not error. Appellant's assignment of error is overruled.
Accordingly, the judgment of the Hancock County Court of Common Pleas, Juvenile Division, is affirmed.
SHAW and HADLEY, J.J., concur.